# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 28, 2022

Lyle W. Cayce
Clerk

No. 21-60328
Summary Calendar

Furqan Munawar Choudhary,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A 216 758 161

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

Furqan Choudhary, a native and citizen of Pakistan, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal of an order of the Immigration Judge (I.J.) concluding that he was ineligible for asylum, withholding of removal, and protection under the Con-

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

vention Against Torture ("CAT"). Because he did not present to the BIA his claims concerning the validity of his notice to appear and whether his medical record should receive evidentiary weight, we lack jurisdiction to consider them. *See Martinez-Guevara v. Garland*, 27 F.4th 353, 360–61 (5th Cir. 2022); *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004); 8 U.S.C. § 1252(d)(1).

We review the BIA's decision under the substantial evidence standard. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Additionally, we review the decision of the BIA, and we consider the I.J.'s decision only insofar as it influenced the BIA. *See Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

The BIA's credibility determination is supported by "specific and cogent reasons derived from the record," *see Zhang*, 432 F.3d at 344, and consideration of the record as a whole does not show that "no reasonable factfinder" could make such a determination, *see Singh*, 880 F.3d at 225 (internal quotation marks and citation omitted); *see also Avelar-Oliva v. Barr*, 954 F.3d 757, 767 (5th Cir. 2020). The adverse-credibility finding is a sufficient basis for the BIA's decision that Choudhary was ineligible for asylum and withholding. *See Chun v. INS*, 40 F.3d 76, 79 (5th Cir. 1994). Finally, he points to nothing in the record indicating that he more likely than not will be tortured with governmental acquiescence if repatriated; thus, he has not shown that substantial evidence compels a conclusion contrary to that of the BIA on the issue whether he showed eligibility for CAT relief. *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015); *Zhang*, 432 F.3d at 344.

The petition for review is DENIED in part and DISMISSED in part.